SPENCER C. SKEEN, State Bar No. 182216
spencer.skeen@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
4370 La Jolla Village Drive, Suite 990
San Diego, CA  92122
Telephone:     858.652.3100
Facsimile:     858.652.3101

BECKI D. GRAHAM, State Bar No. 238010
becki.graham@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:     415.442.4810
Facsimile:     415.442.4870

Attorneys for Defendant
BRINK'S, INCORPORATED

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNIE RICARDO FERNANDEZ, individually, on behalf of all others similarly situated, and on behalf of the general public, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY BRINK'S, INCORPORATED** |
| vs. | |
| BRINK'S INCORPORATED, a Delaware Corporation, and DOES 1-5, | |
| Defendant. | Action Filed:   April 8, 2015<br>Trial Date:     TBD |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Brink's, Incorporated ("Defendant") hereby removes this action from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California pursuant to 28 U.S.C. section 1332(d) (the Class Action Fairness Act ("CAFA")) and section 1446 on the grounds that: (1) Plaintiff Ernie Ricardo Fernandez ("Plaintiff") is "a citizen of a State different from any defendant," (2) "the number of members of all proposed plaintiff classes in the aggregate is" more than 100, and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." All CAFA requirements are satisfied in this case.

The foregoing facts were true at the time the Class Action Complaint in this matter was filed and remain true as of the date of the filing of this notice of removal. Removal jurisdiction is therefore appropriate as detailed more fully below:

## I.   THE STATE COURT ACTION

1.   On or about April 8, 2015, Plaintiff filed a Class Action Complaint in the Superior Court of the State of California for the County of San Francisco ("Action"). The Action was assigned Case Number CGC-15-545202.

2.   On or about May 13, 2015, Plaintiff served Defendant with a copy of the summons, Class Action Complaint ("Complaint"), alternative dispute resolution program information package, case management statement form, expedited jury trial information sheet, notice of case management conference, early settlement program pamphlet, amended and restated declaration of covenants, and the civil cover sheet. A true and correct copy of these documents is attached as **Exhibit A**.

3.   On or about June 11, 2014, Defendant filed and served an Answer to the Complaint in San Francisco County Superior Court. A true and correct copy of Defendant's Answer is attached hereto as **Exhibit B**.

///

///

## II.    REMOVAL IS TIMELY

4.      Here, removal is timely.  The Summons and Complaint (and accompanying documents) are the only pleadings served on Defendant in this matter.  Defendant has filed this notice within 30 days after receiving the pleadings from which it could first determine that this action was removable, and less than one year after commencement of this action.  Thus, the removal is timely and proper pursuant to 28 U.S.C. § 1446(b), (c) and Rule 6 of the Federal Rules of Civil Procedure.

## III.    REMOVAL IS PROPER UNDER CAFA

5.      The Action is removable under CAFA given the allegations and claims in the Complaint.  The First Amended Complaint asserts claims for: (1) failure to pay overtime wages, (2) failure to pay premium rest period wages, (3) failure to pay premium meal period wages, (4) failure to pay wages due at termination, (5) violations of the California Labor Code under the California Private Attorneys General Act, and (6) unfair competition in violation of Business and Professions Code § 17200 et seq.

6.      As a preliminary matter, Defendant notes that the Southern and Central Districts have already ruled that the class/representative claims being asserted by Plaintiff satisfy the CAFA requirements.  The Southern District permitted CAFA removal in a related case styled *Timothy Belew v. Brink's Incorporated*, Case No. 37-2014-00014197-CU-OE-CTL ("*Belew Case*") that was similarly related to yet another case in the Central District in which the Central District ruled that the CAFA removal requirements were met.  Plaintiff is asserting the same class/representative claims as in *Belew* (*failure to pay overtime wages, violation of Business and Professions Code § 17200 et seq., waiting time penalties under Labor Code §§ 201, 202 and 203, and PAGA penalties*).  Both the instant Action and the *Belew Case* also involve an overlapping class period (*both cover the period of January 3, 2013 to January 28, 2014*) and the same putative class members (*armored drivers or messengers who worked in California*). (*See generally* Request for Judicial Notice ("RJN"), **Exhibits 1-3, Exhibit B** attached to **Exhibit 3** is the operative Complaint in the *Belew Case* [*see* ¶¶ 20.a., 27-36, 43-51, 59-65]; *see also* Complaint, ¶¶ 20, 26-32, 48-53, 54-77.)

7.     In relevant part, CAFA grants district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant; the number of members of all proposed plaintiff classes in the aggregate is more than 100; and where the matter in controversy exceeds the sum or value of $5 million, exclusive of interests and costs. 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. section 1446.

8.     This Court has original jurisdiction over the Action under CAFA, in that it is a civil case filed as a class action wherein at least one member (if not all) of the putative class of plaintiffs is a citizen of a state different from Defendant, the number of members in Plaintiff's proposed classes in the aggregate is more than 100, and the matter in controversy exceeds the sum of $5 million, exclusive of interest and costs.

A.     **CAFA's Diversity of Citizenship Requirement Is Satisfied**

9.     CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which none of the defendants are citizens. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a), (b).

10.    According to the Complaint, Plaintiff is a resident of "the City of Livermore in the County of Alameda." (*See* Complaint, ¶ 4.)

11.    Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business." The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). The Court held that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at p. 1184. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id.*; see *Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1093 (9th Cir. 1990) (providing that where a corporation does business in a number of states and does not conduct the substantial predominance of its business in any single one, the state where

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT BRINK'S, INCORPORATED

1    corporate headquarters is located is the corporation's principal place of business).

2        12.    At all relevant times, Defendant has been a corporation incorporated under the laws

3    of the State of Delaware, with its principal place of business in the State of Virginia. (Declaration

4    of Corrinn Neal In Support of Notice of Removal ("Neal Declaration"), ¶ 2.) Accordingly,

5    Defendant is not a citizen of the State of California.

6        13.    Based upon the foregoing, minimal diversity is established because Plaintiff is a

7    citizen of California and Defendant is a citizen of Delaware and Virginia.  Removal is therefore

8    proper under 28 U.S.C. section 1332(d); *Serrano v. 180 Connect Inc.*, 478 F.3d 1018, 1019 (9th

9    Cir. 2007).

10   **B.    CAFA's Class Size Requirement Is Satisfied**

11       14.    Plaintiff brings the Action pursuant to California Code of Civil Procedure section

12   382 on behalf of "non-exempt employees of Defendant employed as drivers or messengers with

13   Defendant's armored car fleet, who performed work for Defendant within California within the

14   period of time commencing four years prior to the filing of this action."  (Complaint ¶ 20.)

15   Plaintiff filed his Complaint on April 8, 2015.  (Complaint, generally.)  Plaintiff alleges that

16   "Defendant has employed upwards of 200 employees in California during the Class Period."

17   (Complaint, ¶ 21.)  Indeed, based on calculations performed using Defendant's business records,

18   the putative class, as defined by the Complaint, includes at least approximately 937 persons during

19   that period. (Neal Declaration, ¶ 3; Declaration of Becki Graham In Support of Notice of Removal

20   ("Graham Declaration"), ¶ 3.) Thus, CAFA's size requirement is satisfied.

21   **C.    CAFA's Requisite $5 Million Amount in Controversy Is Satisfied**

22       15.    CAFA authorizes the removal of class action cases in which the amount in

23   controversy for all class members exceeds $5 million. 28 U.S.C. § 1332(d). Under CAFA, the

24   "District Court [must] determine whether it has jurisdiction by adding up the value of the claim of

25   each person who falls within the definition of [a plaintiff's] proposed class and determine whether

26   the resulting sum exceeds $5 million." *See Standard Fire Insurance Co. v. Knowles*, 133 S. Ct.

27   1345, 1348 (2013).

28       16.    In his Complaint, Plaintiff alleges no specific amount in controversy, other than to

1   state that the damages exceed $25,000. (Complaint ¶ 2.) The failure of the Complaint to specify

2   the total amount of monetary relief sought by Plaintiff does not deprive this Court of jurisdiction.

3   *White v. J.C. Penny Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove

4   suit to federal court notwithstanding the failure of Plaintiff to plead a specific dollar amount in

5   controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining . .

6   . to place a specific dollar claim upon its claim.") Rather, to come under CAFA jurisdiction,

7   Defendant simply needs to establish by a preponderance of the evidence that Plaintiff's claims

8   exceed the jurisdictional minimum. *Rodriguez v. AT&T Mobility Services, LLC*, 728 F.3d 975, 977

9   (9th Cir. 2013), citing *Standard Fire Ins. Co. v. Knowles,* 133 S.Ct. 1345 (2013); *Sanchez v.*

10  *Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

11      17.     Defendant denies the validity of Plaintiff's claims and requests for relief and does

12  not concede in any way that the allegations of the Complaint are accurate, that any or all of the

13  current or former employees are entitled to any recovery in this case or appropriately included in

14  the putative class. Nonetheless, the facial allegations in the Complaint and the *alleged damages* of

15  Plaintiff exceed the jurisdictional minimum. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th

16  Cir. 1999) (finding that facts presented in notice of removal, combined with plaintiff's allegations,

17  were sufficient to support finding of jurisdiction).

18      18.     In determining the amount in controversy for CAFA, all potential damages based on

19  claims in the complaint, as well as attorney's fees are included. *Guglielmino v. McKee Foods*

20  *Corp.,* 506 F.3d 696, 701 (9th Cir. 2007) (unspecified attorney's fees are appropriately counted

21  toward the amount in controversy in CAFA removal actions). As set forth more fully below, the

22  amount in controversy exceeds $5.1 million dollars (if not more), which satisfies CAFA's

23  jurisdictional prerequisite.

24      19.     Here, Plaintiff seeks, *inter alia*, the recovery of unpaid overtime wages, unpaid

25  premium rest period wages, unpaid premium meal period wages, waiting time penalties, PAGA

26  penalties, statutory penalties, and restitution during the periods stated in the Complaint on behalf of

27  himself and the putative subclasses. (*See generally* Complaint; *see also* Complaint at pp.14-15.)

28  Plaintiff also seeks attorneys' fees. (*Id.*) As set forth below, Plaintiff's Complaint, on its face,

1   satisfies the $5 million threshold for CAFA removal. *See* 28 U.S.C. section 1332(d).

2   ### 1.    **Failure to Pay Overtime Wages**

3   20.    Plaintiff alleges that Defendant did not pay all earned overtime wages during the

4   Claim Period (defined as April 8, 2011 through entry of final judgment) and that he and the

5   putative class are entitled to recover unpaid overtime wages. (Complaint ¶¶ 18, 26-32.) Plaintiff

6   does not specify how many hours of overtime Defendant allegedly failed to pay him or any

7   members of the putative class. He alleges only that "Defendant's policy and practice became to

8   pay Mr. Fernandez and similarly situated employees their overtime rate of pay for only a portion of

9   the overtime hours actually worked each regularly scheduled workweek." (Complaint ¶ 29.)

10   21.    For purposes of determining the amount in controversy as to Plaintiff's overtime

11   claim, Defendant reasonably assumes that Plaintiff contends that each putative class member

12   worked at least 1 hour of unpaid overtime per week. Although Plaintiff purports to recover unpaid

13   overtime for a period of four years (based upon his § 17200 claim), Defendant uses a conservative

14   two years for its calculations. Defendant also calculates the amount in controversy based upon

15   minimum wage ($9.00 per hour) even though the average hourly rate of the putative class is

16   approximately $15.40 per hour. (Graham Declaration, ¶ 3.) Thus, the amount in controversy is <u>at</u>

17   <u>least</u> **$1,364,688** (52 weeks x 2 years x 972 employees x $9.00 minimum wage x 1.5 overtime).

18   ### 2.    **Failure to Authorize and Permit Rest Periods**

19   22.    Plaintiff alleges that Defendant failed and authorized him and the putative class to

20   take rest periods during the Claim Period and is entitled to rest period premium pay of one hours'

21   wages for each day in which Plaintiff and the putative class were not permitted to take rest periods.

22   (Complaint ¶¶ 33-40.)  Plaintiff does not specify how many rest periods are at issue.  Plaintiff

23   simply alleges that "Defendant, as a pattern or practice, required, suffered or permitted Mr.

24   Fernandez and similarly situated employees to work more than three and one-half, six, and ten

25   hours per day, but Defendant regularly failed to permit and authorize Mr. Fernandez and similarly

26   situated employees to take all required and compliant rest breaks [. . .]" (Complaint ¶ 37.)

27   23.    For purposes of determining the amount in controversy as to Plaintiff's rest period

28   claim, Defendant reasonably assumes that Plaintiff contends at least 1 missed rest period per week

for each putative class member.  Again, making a very conservative assumption of two years and calculating the amount in controversy at minimum wage even though the average hourly rate is much higher, Defendant calculates an amount in controversy of <u>at least</u> **$909,792** (52 weeks x 2 years x 972 employees x $9.00 minimum wage).

### 3.    Failure to Provide Meal Periods

24.    Plaintiff alleges that Defendant failed to provide first and second meal periods and is entitled to meal period premium pay of one hours' wages for each day in which Defendant did not provide Plaintiff and the putative class with applicable meal periods.  (Complaint ¶¶ 41-47.) Plaintiff does not specify how many rest periods are at issue.  He alleges that "Defendant, as a pattern or practice failed to pay one-hour's wages at Mr. Fernandez' and similarly situated employees regular hourly rate for each day each employee was not provided with or allowed to take a required and compliant meal period [. . .]" (Complaint ¶ 45.)

25.    For purposes of determining the amount in controversy as to Plaintiff's meal period claim, Defendant reasonably assumes that Plaintiff contends at least 1 missed meal period per week for each putative class member.  Again, making a very conservative assumption of two years and calculating the amount in controversy at minimum wage even though the average hourly rate is much higher, Defendant calculates an amount in controversy of <u>at least</u> **$909,792** (52 weeks x 2 years x 972 employees x $9.00 minimum wage).

### 4.    Waiting Time Penalties

26.    Plaintiff claims waiting time penalties for failure to pay all compensation due and owing at the time of discharge of Plaintiff and putative class members and seeks payment of such penalties under Labor Code § 203.  (Complaint ¶¶ 48-53.)

27.    In reviewing Defendants' business records, there are approximately 442 putative class members who have been discharged.  (Graham Declaration, ¶ 4.)  Though the average hourly rate of these employees is $14.10 (Graham Declaration, ¶ 4), Defendant uses only minimum wage to calculate the amount in controversy.  Thus, the amount in controversy for waiting time penalties is <u>at least</u> **$954,720** (8 hours/day x $9/hour x 442 employees x 30 days).

///

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT BRINK'S,
INCORPORATED

### 5.     Attorney Fees

28.     The Complaint seeks an award of attorney fees for all of its causes of action.  It is well established that in determining whether a complaint meets the amount in controversy requirement, a court should consider attorney fees. *Goldberg v. C.P.C. Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir.1982) (attorneys' fees may be taken into account to determine jurisdictional amounts).  A realistic estimate of Plaintiff's attorneys' fees is 25% of the total recovery.  See *Muniz v. Pilot Travel Centers, LLC*, 2007 WL 1302504 at *4, fn. 8 (noting that "in California, where wage and hour class actions have settled prior to trial for millions of dollars, it is not uncommon for an attorneys' fee award to be in the realm of 25% to 30% of the settlement"). Because the amount in controversy for Plaintiff's claims for unpaid overtime, failure to provide rest and meal periods and waiting time penalties is approximately **$ 4,138,992**, as detailed above, Plaintiff's attorneys' fees must be estimated as approximately **$ 1,034,748**, which is 25% of the amounts in controversy for those claims.

### 4.     Summary

29.     Based on the allegations in the Complaint; the damages, penalties and attorneys' fees sought by Plaintiff; and the number of putative class members, as explained in detail above, the amount in controversy is greater than **$ 5,173,740**, which satisfies CAFA's jurisdictional prerequisite.[1]

### IV.     VENUE IS PROPER

30.     In accordance with 28 U.S.C. section 1441(a), this notice of removal is filed in the district court of the United States in which the Action is pending. The Superior Court for the County of San Francisco is located within the Northern District of California. 28 U.S.C. § 84(c)(3). Therefore, venue is proper in this Court because it is the district and division embracing the place where the Action is pending. 28 U.S.C. § 1441(a).

///

---

[1] Although Defendant has not attempted to include estimations of the amount in controversy of Plaintiff's PAGA claim in supporting its removal, such amounts are clearly in controversy and would further support jurisdiction under CAFA.

8

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT BRINK'S, INCORPORATED**

1

## V.   SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446

2   31. Pursuant to 28 U.S.C. §§ 1446(a), 1447(b), and 1449, a true and correct copy of all

3 pleadings served upon Defendant are attached to this Notice of Removal.

4   32. As required by 28 U.S.C. section 1446(b), this notice of removal was filed within 30

5 days after service of the Complaint on Defendant.  See Section II. above.

6   33. As required by 28 U.S.C. section 1446(d), Defendant shall promptly provide notice

7 of this removal to Plaintiff through his attorneys of record.

8   34. As required by 28 U.S.C. section 1446(d), a copy of the original notice of removal

9 will be filed with the Superior Court of the State of California, for the County of San Francisco.

10

## VI.   CONCLUSION

11   35. For the foregoing reasons, Defendant hereby removes the above-entitled action to

12 United States District Court for the Northern District of California.

13   36. In the event this Court has a question regarding the propriety of this notice of

14 removal, Defendant requests that it issue an Order to Show Cause so that it may have an

15 opportunity to more fully brief the basis for this removal.

16

17 DATED:  June 12, 2015

       OGLETREE, DEAKINS, NASH, SMOAK &
18       STEWART, P.C.

19

20       By: */s/ Becki D. Graham*
21         BECKI D. GRAHAM

22       Attorneys for Defendant
        BRINK'S, INCORPORATED

23

24

25

26              21450380.3

27

28

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT BRINK'S,
INCORPORATED

# EXHIBIT A

1  Arlo García Uriarte (S.B.N. 231764)
   arlo@liberationlawgroup.com
2  Brent A. Robinson (S.B.N. 289373)
   brent@liberationlawgroup.com
3  Liberation Law Group, P.C.
   2760 Mission Street
4  San Francisco, CA 94110
   brent@liberationlawgroup.com
5  (415) 695-1000 (office)
   (415) 695-1006 (facsimile)
6
   Counsel for Plaintiff
7

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

APR 08 2015

CLERK OF THE COURT
BY: VICTORIA GONZALEZ
          Deputy Clerk

8          IN THE SUPERIOR COURT OF CALIFORNIA

9        FOR THE CITY AND COUNTY OF SAN FRANCISCO

10

11

Case No.   **CGC-15-545202**

Class Action

COMPLAINT FOR COMPENSATORY DAMAGES, STATUTORY PENALTIES, CIVIL PENALTIES, RESTITUTION, AND INJUNCTIVE RELIEF FOR:

ERNIE RICARDO FERNANDEZ, individually, on behalf of all others similarly situated, and on behalf of the general public, Plaintiff,

*Versus*

BRINK'S INCORPORATED, a Delaware Corporation, and DOES 1-5, Defendants.

1. FAILURE TO PAY OVERTIME WAGES;
2. FAILURE TO PAY PREMIUM REST PERIOD WAGES;
3. FAILURE TO PAY PREMIUM MEAL PERIOD WAGES
4. FAILURE TO PAY WAGES DUE AT TERMINATION;
5. VIOLATIONS OF THE CALIFORNIA LABOR CODE UNDER THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT; AND
6. UNFAIR COMPETITION.

Amount demanded exceeds $10,000.00

Jury Trial Demanded

1     Plaintiff alleges upon personal knowledge, and as to all other matters upon information and

2     belief:

3                           **JURISDICTION AND VENUE**

4   1.   This Court has jurisdiction of these alleged violations of the California Labor Code,

5        the California Business and Professions Code, and Industrial Welfare Commission

6        (hereinafter IWC) Wager Order No. 9.

7   2.   Jurisdiction is proper in this Court because damages alleged exceed $25,000.00. (Cal.

8        Code of Civ. Proc. § 580, subd. (b)(2)).

9   3.   Venue is proper because the Defendant conducts its business, and the conduct

10        underlying the alleged violations of law as to Plaintiff Ernie Ricardo Fernandez

11        (hereinafter Mr. Fernandez) primarily occurred within the City and County of San

12        Francisco.

13

14                              **PARTIES**

15   4.   Mr. Fernandez is an individual and a resident of the City of Livermore in the County

16        of Alameda, California.

17   5.   Mr. Fernandez also proceeds in a representative capacity on behalf of the general

18        public under the authority granted to him by the California Private Attorneys General

19        Act of 2004.

20   6.   Defendant Brink's Incorporated (hereinafter Defendant) is a corporation organized

21        and existing under the laws of the State of Delaware. Defendant does business as

22        "Brink's", as "Brinks", and as "Brink's, Incorporated".

23   7.   Mr. Fernandez is ignorant of the true names and capacities of defendants sued as

24        DOES 1-5, inclusive, and therefore sues these defendants by such fictitious names.

25        Plaintiff will amend this complaint to allege their true names and capacities when

26        ascertained.

27   8.   Mr. Fernandez is informed, believes, and on that basis alleges that at all times

LIBERATION LAW GROUP, P.C.

---

1

1    mentioned herein, each of the defendants was the agent and employee of each of the

2    remaining defendants and, in doing the things alleged in this Complaint, was acting

3    within the course and scope of such agency and employment.

4    9.  Mr. Fernandez is informed, believes, and on that basis alleges that at all times

5    mentioned herein, each of the defendants' actions or omissions was ratified by each

6    of the remaining defendants.

7    10. Mr. Fernandez is informed, believes, and on that basis alleges that each of the acts or

8    omissions of each of a defendant's agents alleged herein was ratified by that

9    defendant, as well as by each of the remaining defendants.

10

11                    **COMMON FACTUAL ALLEGATIONS**

12   11. Defendant employed Mr. Fernandez from October 13, 2008 through his termination on

13   January 27, 2015.

14   12. Defendant operates a national armored car business, by which it serves as a secure

15   courier delivering valuable goods from a point of origin to a destination.

16   13. Mr. Fernandez is informed, believes, and on that basis alleges that Defendant almost

17   exclusively transports fiat currency on behalf of its customers.

18   14. Defendant's armored cars are operated by two-person teams composed of one driver

19   and one messenger. The driver's responsibility is to navigate the team's assigned route,

20   while the messenger's responsibility is to handle the actual pickup and delivery of the

21   valuable goods.

22   15. Mr. Fernandez worked for Defendant as a messenger.

23   16. Defendant had and has the exclusive power to deliver the wages that were earned and

24   are due to Mr. Fernandez and similarly situated employees.

25   17. Wage Order No. 9 (8 Cal. Code Reg. § 11090; hereinafter Wage Order No. 9) applies

26   Defendant's employment of Mr. Fernandez and similarly situated employees.

27

LIBERATION LAW GROUP, P.C.

2

1    18. The term Claim Period here refers a period of time commencing four years prior to the

2        filing of this action and terminating upon the entry of final judgment in this action.

3

4                              **CLASS ACTION ALLEGATIONS**

5    19. Mr. Fernandez brings this action on his own behalf and on behalf of all persons

6        similarly situated. The claims herein have been brought and may properly be

7        maintained as a class action under California Code of Civil Procedure section 382

8        because there is a well-defined community of interest among class members with

9        respect to the claims asserted herein and the proposed class is easily ascertainable.

10   20. **Class Definition:** The class that Mr. Fernandez seeks to represent is composed of

11       those non-exempt employees of Defendant employed as drivers or messengers with

12       Defendant's armored car fleet, who performed work for Defendant within California

13       within the period of time commencing four years prior to the filing of this action.

14   21. **Ascertainability and Numerosity:** The potential members of the class as defined

15       herein are so numerous that joinder would be impracticable. Mr. Fernandez is

16       informed, believes, and on that basis alleges that Defendant has employed upwards of

17       200 employees in California during the class period. The names and addresses of the

18       class members are available from Defendant. Notice can be provided to the class

19       members via first class mail using techniques and a form of notice similar to those

20       customarily used in class action lawsuits of this nature.

21   22. **Commonality:** There are questions of law and fact common to Mr. Fernandez and

22       the class that predominate over any questions affecting only individual members of

23       the class. These common questions of law and fact include, without limitation:

24          a.  Whether Defendant has failed to pay overtime wages for all overtime hours

25              worked, in violation of Labor Code section 510 and Wage Order No. 9;

26          b.  Whether Defendant's failure to pay overtime wages for all overtime hours

27              worked constitutes an unlawful, unfair, or fraudulent business practice,

LIBERATION LAW GROUP, P.C.

                                          3

1  under Business and Professions Code section 17200 *et seq.*;

2 c. Whether Defendant has failed to provide adequate off-duty meal periods

3  and payments for missed meal periods, in violation of Labor Code sections

4  226.7 and 512, and Wage Order No. 9;

5 d. Whether Defendant's failure to provide adequate meal periods and

6  payments for missed meal periods constitutes an unlawful, unfair, or

7  fraudulent business practice, under Business and Professions Code

8  section 17200 *et seq.*;

9 e. Whether Defendant has failed to authorize and permit adequate rest

10  periods and payments for missed rest periods, in violation of Labor Code

11  section 226.7 and Wage Order No. 9;

12 f. Whether Defendant's failure to authorize and permit adequate rest

13  periods and payment for missed rest periods constitutes an unlawful,

14  unfair, or fraudulent business practice, under Business and Professions

15  Code section 17200 *et seq.*;

16 g. Whether Defendant's failure to provide an accurate itemized statement

17  with each payment of wages showing the actual gross wages due by law

18  constitutes an unlawful, unfair, or fraudulent business practice, under

19  Business and Professions Code section 17200 *et seq.*;

20 h. Whether Defendant has violated Labor Code section 1174 and Wage

21  Order No. 9 by failing to maintain documentation of all gross wages earned

22  each day by Employees;

23 i. Whether Defendant's failure to maintain documentation of all gross wages

24  earned each day by Employees constitutes an unlawful, unfair, or

25  fraudulent business practice, under Business and Professions Code

26  section 17200 *et seq.*;

27 j. Whether Defendant has violated Labor Code sections 201 through 203 by

LIBERATION LAW GROUP, P.C.

1           failing, upon termination, to timely pay class members' due and unpaid

2           overtime, premium meal period, and premium rest period wages;

3      k.  Whether Defendant's failure to pay all wages due and unpaid at the time

4           of termination of employment constituted an unlawful, unfair, or

5           fraudulent business practice, under Business and Professions Code

6           section 17200 *et seq.*;

7      l.  The proper formulas for calculating restitution, damages, and waiting time

8           and other statutory penalties owed to Mr. Fernandez and the class alleged

9           herein.

10  23. **Typicality**: Mr. Fernandez's claims are typical of the claims of the class.  Defendant's

11      common policy and course of unlawful conduct has caused Mr. Fernandez and

12      similarly situated employees to sustain the same or similar injuries and damages

13      caused by the same policies and practices of Defendant.  Mr. Fernandez claims are

14      thereby representative of and co-extensive with the claims of the class.

15  24. **Adequacy of Representation**: Mr. Fernandez does not have any conflicts of interest

16      with other class members and will prosecute the case vigorously on behalf of the class.

17      Mr. Fernandez will fairly and adequately represent and protect the interests of the

18      class members.  Mr. Fernandez's counsel are competent and experienced in litigating

19      employment actions, including wage and hour class actions.

20  25. **Superiority of Class Action**: A class action is superior to other available means for

21      the fair and efficient adjudication of this controversy.  Individual joinder of all class

22      members is not practicable, and questions of law and fact common to the class

23      predominate over any questions affecting only individual members of the class.  Each

24      class member has been damaged and is entitled to recovery by reason of Defendant's

25      unlawful policies and practices described herein.  The damages suffered by individual

26      class members may be relatively small, albeit significant; because of this, the expense

27      and burden of individual litigation make it impractical for most Class Members

LIBERATION LAW GROUP, P.C.

1    individually to seek redress for the wrongful conduct alleged.  Class action treatment

2    will allow those similarly situated persons to litigate their claims in the manner that is

3    most efficient and economical for the parties and the judicial system.  Moreover, the

4    risk of reprisal against individual plaintiffs weighs in favor of class action treatment.

5    Finally, the prosecution of individual remedies by members of the plaintiff class would

6    tend to establish inconsistent standards of conduct for the defendant and to result in

7    the impairment of class members' rights and the disposition of their interests through

8    actions to which they were not parties.

9

10                            **FIRST CAUSE OF ACTION:**

11                       **FAILURE TO PAY OVERTIME WAGES**

12   26. The allegations set out in all of the above paragraphs of this Complaint are

13       incorporated here by reference.

14   27. Labor Code sections 1197 and 1198 provide that it is unlawful to employ persons for

15       less than the minimum hourly rate and for longer than the hours set by the IWC or

16       under conditions prohibited by the applicable Wage Orders.

17   28. At all times relevant herein, Labor Code section 510 and Wage Order No. 9 provided

18       that employees are entitled to premium overtime wages for all hours worked in excess

19       of eight in one day, and for all hours worked in excess of 40 in one regularly scheduled

20       workweek.

21   29. At some time within the Claim Period, Defendant's policy and practice became to pay

22       Mr. Fernandez and similarly situated employees their overtime rate of pay for only a

23       portion of the overtime hours actually worked each regularly scheduled workweek.

24   30. Within the Claim Period, Defendant has as a pattern and practice required, permitted,

25       or suffered Mr. Fernandez and similarly situated employees to work excess of eight

26       per day, and in excess of 40 per regularly scheduled workweek, but has failed to Mr.

27

LIBERATION LAW GROUP, P.C.

---

6

1    Fernandez and similarly situated employees the overtime rates of pay required for all

2    such hours worked under Labor Code section 510 and Wage Order No. 9.

3  31. Defendant has failed and continues to fail to pay Mr. Fernandez and similarly situated

4    employees the amounts owed.

5  32. Defendant therefore owes Mr. Fernandez and similarly situated employees a sum

6    according to proof at trial, representing the amount of overtime wages owed but

7    unpaid, prejudgment interest on that sum, and Mr. Fernandez and similarly situated

8    employees' reasonable attorneys' fees and costs. (Lab. Code § 1194.)

9

10           **SECOND CAUSE OF ACTION:**

11       **FAILURE TO PAY PREMIUM REST PERIOD WAGES**

12  33. The allegations set out in all of the above paragraphs of this Complaint are

13    incorporated here by reference.

14  34. Labor Code section 226.7, subdivision (a) provides that it is unlawful to fail to

15    authorize and permit employees to take rest and meal periods mandated by the

16    applicable Industrial Welfare Commission Wage Orders.

17  35. Wage Order No. 9 requires employers to authorize and permit all employees to take

18    rest periods at the rate of ten minutes net rest time per four hours worked or major

19    fraction thereof. Thus, an employee is entitled to a first 10-minute rest break after

20    three and one-half hours worked; a second after six hours worked, and a third after 10

21    hours worked.

22  36. Labor Code section 226.7, subdivision (b) states that an employer who fails to provide

23    such mandated rest periods to an employee "shall pay the employee one additional

24    hour of pay at the employee's regular rate of compensation for each work day that the

25    meal or rest period is not provided."

26  37. Within the Claim Period, Defendant as a pattern or practice required, suffered, or

27    permitted Mr. Fernandez and similarly situated employees to work more than three

LIBERATION LAW GROUP, P.C.

7

1    and one-half, six, and ten hours per day, but Defendant regularly failed to permit and

2    authorize Mr. Fernandez and similarly situated employees to take all required and

3    compliant rest breaks to which they were thus entitled, in violation of Labor Code

4    section 226.7, subdivision (a) and Wage Order No. 9.

5  38. Within the Claim Period, Defendant as a pattern or practice failed to pay one-hour's

6    wages at Mr. Fernandez and similarly situated employees' regular hourly rates for

7    each day each employee was not provided with or allowed to take a required and

8    compliant rest period, in violation of Labor Code section 226.7, subdivision (b) and

9    Wage Order No. 9.

10  39. Defendant has failed and continues to fail to pay Mr. Fernandez and similarly situated

11    employees the amount of premium rest period wages owed.

12  40. Under the provisions of Labor Code section 226.7, subdivision (b) and Wage Order

13    No. 9, Mr. Fernandez and similarly situated employees are entitled to payment of one

14    additional hour of pay at their regular rate of compensation for each work day that a

15    rest period was not provided to each class member, in a sum according to proof at

16    trial, plus interest thereon from the dates such wages became due and payable.

17

18                           **THIRD CAUSE OF ACTION:**

19                    **FAILURE TO PAY PREMIUM MEAL PERIOD WAGES**

20  41. The allegations set out in all of the above paragraphs of this Complaint are

21    incorporated here by reference.

22  42. Labor Code section 512, subdivision (a), and Wage Order No. 9 provide that an

23    employer must provide an employee who works more than five hours per day with a

24    meal period of not less than 30 minutes, and must provide an employee who works

25    more than ten hours per day with a second meal period of not less than 30 minutes.

26  43. Labor Code section 226.7, subdivision (b) states that an employer who fails to provide

27    such mandated meal periods to an employee "shall pay the employee one additional

8

LIBERATION LAW GROUP, P.C.

1     hour of pay at the employee's regular rate of compensation for each work day that the

2     meal or rest period is not provided."

3    44. Within the Claim Period, Defendant as a pattern or practice required, suffered, or

4     permitted Mr. Fernandez and similarly situated employees to work more than five

5     and ten hours per day, but failed to permit and authorize Mr. Fernandez and similarly

6     situated employees to take all meal periods to which they were thus entitled, in

7     violation of Labor Code section 226.7, subdivision (a) and Wage Order No. 9.

8    45. Within the Claim Period, Defendant as a pattern or practice failed to pay one-hour's

9     wages at Mr. Fernandez and similarly situated employees regular hourly rate for each

10    day each employee was not provided with or allowed to take a required and compliant

11    meal period, in violation of Labor Code section 226.7, subdivision (b) and Wage Order

12    No. 9.

13   46. Defendant has failed and continues to fail to pay Mr. Fernandez and similarly situated

14    employees the amount of premium meal period wages owed.

15   47. Under the provisions of Labor Code section 226.7, subdivision (b) and Wage Order

16    No. 9, Mr. Fernandez and similarly situated employees are entitled to payment of one

17    additional hour of pay at their regular rate of compensation for each work day that a

18    meal period was not provided, in a sum according to proof at trial, plus interest

19    thereon from the dates such wages became due and payable.

LIBERATION LAW GROUP, P.C.

CLASS ACTION COMPLAINT                 FERNANDEZ V. BRINK'S INCORPORATED

**FOURTH CAUSE OF ACTION:**

**WAITING TIME PENALTIES**

48. The allegations set out in all of the above paragraphs of this Complaint are incorporated here by reference.

49. Labor Code section 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.

50. Labor Code section 202 requires an employer to pay all compensation due and owing to an employee who quits within 72 hours of that employee quitting, unless the employee provides at least 72 hours' notice of quitting, in which case all compensation is due at the end of the employee's final day of work.

51. Labor Code section 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by section 201 or section 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to 30 work days.

52. Defendant as a pattern and practice willfully failed to pay Mr. Fernandez and similarly situated employees all wages earned and unpaid at the time of discharge or termination, as required by Labor Code sections 201 and 202.

53. Defendant is accordingly liable to Mr. Fernandez and similarly situated employees for penalties pursuant to Labor Code section 203 in an amount according to proof at trial, plus reasonable attorneys' fees and costs.


**FIFTH CAUSE OF ACTION:**

**VIOLATIONS OF THE LABOR CODE UNDER THE PRIVATE ATTORNEYS GENERAL ACT**

54. The allegations set out in all of the above paragraphs of this Complaint are incorporated here by reference.

55. Mr. Fernandez brings this representative cause of action on behalf of the general public, and seeks to vindicate his rights under the California Labor Code as well as

10

LIBERATION LAW GROUP, P.C.

1    those of other similarly situated current and former employees of Defendant.

2  56. For purposes of this cause of action, the group of aggrieved employees consists of those employees of Defendant serving within California within the period commencing one year prior to February 26, 2015 and proceeding through the entry of final judgment in this action. This group is referred to here as the Representative Group.

7  57. Mr. Fernandez seeks to recover penalties for violations of the California Labor Code committed by Defendant against the members of the Representative Group as set out in this Complaint.

10  58. For those violations of the Labor Code, the Representative Group members have no administrative remedies to exhaust.

12  59. Mr. Fernandez has fully complied with PAGA notice requirements by giving both the Labor and Workforce Development Agency, and Defendant written notice of his PAGA claim. Those notices was sent via certified mail on February 26, 2015.

15  60. Thirty-three days have passed since Mr. Fernandez gave the LWDA notice of his PAGA claims, and he now has the right to pursue those claims through a representative civil suit.

18  61. Pursuant to California Labor Code section 2699, subdivisions (a) and (f), Mr. Fernandez seeks to recover civil penalties against Defendant for its Labor Code violations occurring from February 26, 2012 through the date of this filing.

21  62. In addition, Mr. Fernandez seeks to recover reasonable attorneys' fees and costs as authorized by Labor Code section 2699, subdivision (g)(1).

### Sixth Cause of Action:

### Unfair Competition

26  63. The allegations set out in all of the above paragraphs of this Complaint are incorporated here by reference.

11

Liberation Law Group, P.C.

64. California Business and Professions Code sections 17200 *et seq.* prohibit acts of unfair competition, which include any "unlawful and unfair business practices."

65. The conduct of Defendant as alleged in this Complaint has been unfair, unlawful, and deleterious to Mr. Fernandez and similarly situated employees. Mr. Fernandez and similarly situated employees are "persons" within the meaning of Business and Professions Code section 17204, and therefore have standing to bring this cause of action for restitution.

66. The prompt and proper payment of wages is a fundamental public policy of the State of California.

67. It is also the public policy of the State to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect those employers who comply with the law from losing competitive advantage to other employers who fail to comply with labor standards and requirements.

68. Through the conduct alleged herein, Defendant acted contrary to these public policies and has thus engaged in unlawful and unfair business practices in violation of Business and Professions Code sections 17200 *et seq.*, depriving Mr. Fernandez and similarly situated employees of the rights, benefits, and privileges guaranteed to employees under California law.

69. Defendant as a pattern and practice violated the following statutes and regulations with respect to Mr. Fernandez and similarly situated employees:

    a. Wage Order No. 9 and Labor Code sections 1197, 1198, and 510 (failure to pay overtime wages);

    b. Wage Order No. 9 and Labor Code sections 201, 202, 203, 204, 208, and 226.7 (failure to timely pay wages due); and

    c. Wage Order No. 9 and Labor Code sections 512 and 226.7 (failure to provide rest and meal periods; failure to pay premium rest and meal period

LIBERATION LAW GROUP, P.C.

12

1    wages).

2    70. As a proximate result of having engaged in these business practices, which are unfair
3    and unlawful business practices within the meaning of Business and Professions Code
4    sections 17200 *et seq.*, Defendant harmed Mr. Fernandez and similarly situated
5    employees through the nonpayment of wages, the lost use-value of such funds, and
6    other economic injuries. Defendant has thereby gained an unfair competitive
7    advantage over businesses that see fit to comply with California's fundamental
8    workplace civil rights.

9    71. Defendant also unjustly earned or retained funds by virtue of their engaging in such
10   unlawful conduct. Under Business and Professions Code section 17203, Mr.
11   Fernandez and similarly situated employees are entitled to obtain restitution of these
12   funds as set forth here.

13   72. Mr. Fernandez and similarly situated employees are entitled to enforce all applicable
14   penalty provisions of the Labor Code pursuant to Business & Professions Code
15   section 17202.

16   73. Mr. Fernandez and similarly situated employees' success in this action will enforce
17   important rights affecting the public interest. In this regard, Mr. Fernandez sues on
18   behalf of the general public as well as on behalf of himself and others similarly situated.
19   Mr. Fernandez seeks and is entitled to reimbursement of business expenses, unpaid
20   compensation, declaratory relief, civil penalties, and any other appropriate remedy.

21   74. In order to prevent Defendant from profiting and benefiting from their wrongful and
22   illegal acts and continuing those acts, Mr. Fernandez requests an order requiring
23   Defendant to disgorge all the profits and gains it has reaped and restore such profits
24   and gains into a fluid recovery fund for the benefit of Mr. Fernandez and other
25   similarly situated employees, from whom such profits and gains were unlawfully
26   taken.

27   75. The legal remedies available to Mr. Fernandez and others similarly situated are

LIBERATION LAW GROUP, P.C.

13

1  inadequate because Defendant's unfair and unlawful business practices constitute

2  ongoing actual and threatened injuries to personal rights that cannot be compensated

3  by an ordinary damages award. Accordingly, Mr. Fernandez request injunctive relief

4  to prevent the Defendant's practices which constitute unfair competition, and to

5  restore to Mr. Fernandez and others similarly situated any money which may have

6  been acquired by means of such unfair competition.

7  76. Mr. Fernandez has assumed the responsibility of enforcement of the laws and lawful

8  claims specified herein. There is a financial burden incurred in pursuing this action

9  which is in the public interest. Therefore, an award of reasonable attorneys' fees are

10  appropriate pursuant to Code of Civil Procedure section 1021.5.

11  77. Mr. Fernandez, on behalf of himself and similarly situated employees, requests relief

12  as described below.

13

14  **PRAYER FOR RELIEF**

15  Wherefore, Mr. Fernandez, on his own behalf and on behalf of other similarly situated

16  employees, prays for judgment against Defendant as follows:

17  a. For an order certifying the proposed class;

18  b. For compensatory damages as follows:

19  i. For the amount of overtime wages that remain unpaid to Mr. Fernandez and

20  similarly situated employees;

21  ii. For the amount of unpaid premium rest period wages that remain unpaid to

22  Mr. Fernandez and similarly situated employees;

23  iii. For unpaid premium meal period wages that remain unpaid to Mr.

24  Fernandez and similarly situated employees;

25  iv. For interest pursuant to Labor Code section 218.6 on due and unpaid wages

26  from the day such amounts were due, according to proof at trial;

27

LIBERATION LAW GROUP, P.C.

14

b. For statutory penalties as to Mr. Fernandez and similarly situated employees pursuant to Labor Code section 203 plus interest thereon, according to proof at trial;

c. For civil penalties pursuant to Labor Code section 2699 for violations of the Labor Code committed against Mr. Fernandez and all other aggrieved employees, in amount according to proof at trial;

d. For statutory penalties as to Defendant's unfair business practices pursuant to Business and Professions Code section 17206, according to proof at trial;

c. For restitution pursuant to Business & Professions Code section 17203 in an amount equivalent to the amounts unjustly earned or retained by Defendant by virtue of their engaging in violations of the Unfair Competition Law, according to proof at trial;

d. For disgorgement all the profits and gains Defendant has reaped from its violations of the Unfair Competition Law into a fluid recovery fund;

e. For preliminary and permanent injunctive relief to prevent the Defendant's practices which constitute unfair competition, and to restore to Mr. Fernandez and others similarly situated any money which may have been acquired by means of such unfair competition;

f. For reasonable attorneys' fees and costs, including expert witness fees, according to proof, pursuant to Code of Civil Procedure section 1021.5, and Labor Code sections 218.5, 203, 1194, and 2699;

g. For costs of suit; and

LIBERATION LAW GROUP, P.C.

CLASS ACTION COMPLAINT                FERNANDEZ v. BRINK'S INCORPORATED

1    h.  For such other and further relief as the Court deems proper.

2

3                           JURY DEMAND

4    Mr. Fernandez hereby demands a trial by jury.

5

6  Respectfully submitted,

7  Dated:  April 7, 2015          LIBERATION LAW GROUP, P.C.

8

9                        By: _____

10                          ARLO GARCÍA URIARTE

11                          BRENT A. ROBINSON

12                       COUNSEL FOR PLAINTIFF

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

CLASS ACTION COMPLAINT               FERNANDEZ V. BRINK'S INCORPORATED

LIBERATION LAW GROUP, P.C.

# EXHIBIT B

1  SPENCER C. SKEEN, State Bar No. 182216
   spencer.skeen@ogletreedeakins.com
2  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   4370 La Jolla Village Drive, Suite 990
3  San Diego, CA 92122
   Telephone:    858.652.3100
4  Facsimile:    858.652.3101

5  BECKI D. GRAHAM, State Bar No. 238010
   becki.graham@ogletreedeakins.com
6  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300
7  One Market Plaza
   San Francisco, CA 94105
8  Telephone:    415.442.4810
   Facsimile:    415.442.4870
9
   Attorneys for Defendant
10 BRINK'S INCORPORATED

ELECTRONICALLY
**FILED**
Superior Court of California,
County of San Francisco

**06/11/2015**
Clerk of the Court
BY:MEREDITH GRIER
Deputy Clerk

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                    **FOR THE COUNTY OF SAN FRANCISCO**

13

14  ERNIE RICARDO FERNANDEZ, individually,        Case No. CGC-15-545202
    on behalf of all others similarly situated, and on
15  behalf of the general public,
                                                  **ANSWER TO CLASS ACTION
16          Plaintiff,                            COMPLAINT**

17

18  vs.

19  BRINK'S INCORPORATED, a Delaware              Action Filed:   April 8, 2015
    Corporation, and DOES 1-5,                    Trial Date:     TBD
20
            Defendant.
21

22

23

24

25

26

27

28
                                                            Case No. CGC-15-545202

1  Defendant Brink's Incorporated ("Defendant") answers the Class Action Complaint for

2 Compensatory Damages, Statutory Penalties, Civil Penalties, Restitution, and Injunctive Relief

3 ("Complaint") of Plaintiff Ernie Ricardo Fernandez ("Fernandez"), individually, and on behalf of

4 all others similarly situations, and on behalf of the general public (collectively, "Plaintiffs"), in this

5 action as follows:

6          **GENERAL DENIAL**

7  Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies

8 generally and specifically each and every allegation contained in Plaintiffs' Complaint, and denies

9 further that Plaintiffs have been injured in the amount or manner alleged or in any other manner

10 whatsoever.

11          **AFFIRMATIVE DEFENSES**

12  As separate and affirmative defenses to the Complaint and each cause of action, claim and

13 allegation contained therein, Defendant alleges as follows:

14        **FIRST AFFIRMATIVE DEFENSE**

15       **(Failure to Set Forth Sufficient Facts)**

16  As a separate and affirmative defense, Plaintiffs' Complaint, and each purported cause of

17 action therein, fails to state facts sufficient to constitute a cause of action against this answering

18 Defendant.

19        **SECOND AFFIRMATIVE DEFENSE**

20       **(Failure to State a Cause of Action)**

21  As a separate and affirmative defense, Plaintiffs' Complaint, and each and every purported

22 cause of action therein, fails to state a claim for which relief can be granted.

23        **THIRD AFFIRMATIVE DEFENSE**

24        **(Good Faith Belief)**

25  As a separate and affirmative defense, Defendant at all times was acting in good faith and

26 had reasonable grounds for believing that its method of compensating Plaintiffs was lawful.

27 //

28 //

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

As a separate and affirmative defense, Plaintiffs have failed to properly mitigate their damages.

**FIFTH AFFIRMATIVE DEFENSE**

**(Waiver and/or Estoppel)**

As a separate and affirmative defense, Plaintiffs' Complaint and each purported cause of action therein are barred by the doctrine of waiver and/or estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

As a separate and affirmative defense, Plaintiffs' claims are barred by the doctrine of avoidable consequences because they unreasonably failed to take action to avoid the alleged damages, and some or all of the alleged damages would have been avoided by such action.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

As a separate and affirmative defense, Plaintiffs waited an unreasonable period of time before asserting their claims, if any, against Defendant and are barred from asserting such claims under the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

As a separate and affirmative defense, Plaintiffs' Complaint, and each purported cause of action therein, is barred, in whole or in part, by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

**(Action Brought in Bad Faith)**

As a separate and affirmative defense, Plaintiffs' Complaint herein was brought without reasonable cause and without a good-faith belief that there was a justifiable controversy under the facts of the law that warranted the filing of the Complaint against Defendant. Plaintiffs should therefore be responsible for all Defendant's necessary and reasonable defense costs, as more

1   particularly set forth in California Code of Civil Procedure, Section 1038.

2   ### TENTH AFFIRMATIVE DEFENSE

3   ### (Justified Conduct)

4   As a separate and affirmative defense, Defendant's conduct in regard to the matters alleged

5   in the Complaint was justified, and thus, Plaintiffs are barred from any recovery against Defendant.

6   ### ELEVENTH AFFIRMATIVE DEFENSE

7   ### (Unauthorized Work)

8   As a separate and affirmative defense, any recovery on the Complaint is barred on the

9   ground that to the extent Plaintiffs did work any overtime, which Defendant denies, such work was

10  unauthorized by Defendant and performed without Defendant's knowledge

11  ### TWELFTH AFFIRMATIVE DEFENSE

12  ### (No Standing)

13  As a separate and affirmative defense, Plaintiffs lack standing to bring said action against

14  this answering Defendant by this Complaint.

15  ### THIRTEENTH AFFIRMATIVE DEFENSE

16  ### (Exempt from Overtime)

17  As a separate and affirmative defense, Plaintiffs are barred from recovery for alleged

18  unpaid overtime as set forth in the Complaint to the extent that he is exempt from the overtime

19  provisions of the applicable laws, including the California Labor Code, the applicable California

20  Industrial Welfare Commission Wage Orders, and the Fair Labor Standards Act, or as further

21  provided by regulation, statute, or judicial decision.

22  ### FOURTEENTH AFFIRMATIVE DEFENSE

23  ### (No Wages Due and Owing)

24  As a separate and affirmative defense, this answering the claims in the Complaint for

25  penalties must fail to the extent that no wages were due and owing to Plaintiff at the times material

26  to his allegations.

27  //

28  //

1

## FIFTEENTH AFFIRMATIVE DEFENSE

2

### (Prior Settlement and Release Agreement)

3     As a separate and affirmative defense, Plaintiffs are barred from asserting such claims due

4  to a previous release and settlement agreement against this Defendant.

5

## SIXTEENTH AFFIRMATIVE DEFENSE

6

### (After-Acquired Evidence)

7     As a separate and affirmative defense, the Complaint and each purported cause of action

8  alleged therein are barred, in whole or in part, by after-acquired evidence.

9

## SEVENTEENTH AFFIRMATIVE DEFENSE

10

### (Inadequate Representative)

11     As a separate and affirmative defense, the proposed class representative does not meet the

12  adequacy requirements for certification of a class action.

13

## EIGHTEENTH AFFIRMATIVE DEFENSE

14

### (Res Judicata and Collateral Estoppel)

15     As a separate and affirmative defense, Plaintiff is barred from asserting such claims on the

16  basis that such claims are barred under the doctrine of Res Judicata and/or Collateral Estoppel.

17

## NINETEENTH AFFIRMATIVE DEFENSE

18

### (Consent)

19     As a separate and affirmative defense, the Complaint and each purported cause of action

20  alleged therein are barred, in whole or in part, to the extent Plaintiffs consented to any and/or all of

21  the conduct about which they now complaint.

22

## TWENTIETH AFFIRMATIVE DEFENSE

23

### (Statute of Limitations)

24     As a separate and affirmative defense, this Defendant alleges that Plaintiff is barred from

25  asserting any claims against Defendant by the applicable statute of limitations including, but not

26  limited to, California Code of Civil Procedure sections 338, 339, 340, California Business and

27  Professions Code § 17208, and/or California Labor Code § 203.

28  //

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Setoff, Offset, Recoupment)

As a separate and affirmative defense, some or all of the purported causes of action in the Complaint are subject to setoff, offset or recoupment.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Legal Cause)

As a separate and affirmative defense, the acts and/or omissions, if any, of Defendant herein were not the legal causes of the losses, damages or injuries alleged in the Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Preemption)

As a separate and affirmative defense, Plaintiff's claims are preempted by federal and state law, including, but not limited to, the Federal Aviation Administration Authorization Act and the Federal Motor Carrier Safety Act.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Maintain a Claim for Unfair Competition)

As a separate and affirmative defense, Defendant's business actions or practices were not unfair, unlawful, misleading, fraudulent or deceptive within the meaning of Business and Professions Code section 17200, et seq.  Furthermore, the claims in the Complaint for unfair business practices are barred because Plaintiff has suffered no injury-in-fact as a result of any alleged violation of California's Unfair Competition Law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Arbitration)

As a separate and affirmative defense, this putative class action may not be litigated in a judicial forum because members of the putative class are subject to mandatory, final, and binding arbitration agreements with Defendant.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Concurrent Exclusive Jurisdiction)

As a separate and affirmative defense, the rule of exclusive concurrent jurisdiction requires

1  that this action be stayed.

2  ### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

3  ### (Individual Questions – PAGA)

4  As a separate and affirmative defense, the Complaint involve matters for which individual

5  questions predominate and therefore, are not appropriate claims for representative treatment

6  pursuant to California Labor Code section 2698 et seq. and other applicable legal standards.

7  ### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

8  ### (No Common or Typical Claims – PAGA)

9  As a separate and affirmative defense, the claims in the Complaint are neither common to

10  nor typical of those, if any, of the alleged aggrieved employees identified in the Complaint.

11  ### TWENTY-NINTH AFFIRMATIVE DEFENSE

12  ### (Inadequate Representative – PAGA)

13  As a separate and affirmative defense, Plaintiff is not an adequate representative of the

14  alleged aggrieved employees identified in the Complaint, as Plaintiff is not similarly situated.

15  ### THIRTIETH AFFIRMATIVE DEFENSE

16  ### (Individual Damage Questions – PAGA)

17  As a separate and affirmative defense, the existence of any alleged damages involve

18  individual questions, making representative treatment pursuant to California Labor Code section

19  2698 et seq. improper.

20  ### THIRTY-FIRST AFFIRMATIVE DEFENSE

21  ### (Lack of Standing – PAGA)

22  As a separate and affirmative defense, the proposed alleged aggrieved employees identified

23  in the Complaint lack standing to be members of the class.

24  ### THIRTY-SECOND AFFIRMATIVE DEFENSE

25  ### (Failure to Exhaust Administrative Remedies – PAGA)

26  As a separate and affirmative defense, this Court lacks jurisdiction over the Complaint

27  because Plaintiff failed to exhaust his administrative remedies as required by California Labor

28  Code section 2699.3 and other applicable statutory provisions.

**ANSWER TO CLASS ACTION COMPLAINT**

1

## RESERVATION OF RIGHTS

2       Defendant reserves the right to assert any additional defenses and matters in avoidance that

3   may be disclosed during the course of additional investigation and discovery, when and if the same

4   have been ascertained.

5

## PRAYER

6       WHEREFORE, this answering Defendant prays:

7       1.      That Plaintiff takes nothing by way of his Complaint;

8       2.      That this answering Defendant be awarded cost of suit incurred herein;

9       3.      For reasonable attorney's fees;

10      4.      For any further relief as the Court deems necessary and just.

11

12  DATED:  June 11, 2015                        OGLETREE, DEAKINS, NASH, SMOAK &
                                                 STEWART, P.C.
13

14

15                                              By: _____
                                                        BECKI D. GRAHAM
16
                                                 Attorneys for Defendant
17                                               BRINK'S INCORPORATED

18

19

20
                                                                               21455745.2
21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
*Ernie Ricardo Fernandez v. Brink's Incorporated, et al.*
Case No. CGC-15-545202

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of San Francisco in the office of a member of the bar of this court at whose direction the service was made. My business address is Steuart Tower, Suite 1300, One Market Plaza, San Francisco, CA 94105.

On June 11, 2015, I served the following document(s):

**ANSWER TO CLASS ACTION COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the person(s) listed below.

| | |
|---|---|
| Brent A. Robinson, State Bar No. 289373 | Attorneys for Plaintiff |
| Arlo Garcia Uriarte, State Bar No. 231764 | Ernie Ricardo Fernandez |
| Liberation Law Group, P.C. | |
| 2760 Mission Street | |
| San Francisco, CA 94110 | |
| Telephone: 415.695.1000 | |
| Facsimile: 415.695.1006 | |
| Email: brent@liberationlawgroup.com | |
| arlo@liberationlawgroup.com | |

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Steuart Tower, Suite 1300, One Market Plaza, San Francisco, CA 94105.

☐ **BY HAND DELIVERY:** I placed an envelope containing the above with Alan Constant of Urgent Express Legal Support for delivery.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., San Francisco, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

1    ☐    **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to
2        the following addressee(s) at the following number(s), in accordance with:

3          ☐    the written confirmation of counsel in this action:

4          ☐    [State Court motion, opposition or reply only] in accordance with Code of
5             Civil Procedure section 1005(b):

6          ☐    [Federal Court] in accordance with the written confirmation of counsel in
            this action and order of the court:

7
8    ☐    **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an
agreement of the parties to accept service by e-mail or electronic transmission, I caused the
9        documents to be sent to the person[s] at the e-mail addresses listed on the attached service
list. I did not receive, within a reasonable time after the transmission, any electronic
10       message or other indication that the transmission was unsuccessful.

11    ☒    **(State)**    I declare under penalty of perjury under the laws of the State of California that
the above is true and correct.

12    ☐    **(Federal)**   I declare that I am employed in the office of a member of the State Bar of this
Court at whose direction the service was made.  I declare under penalty of
13            perjury under the laws of the United States of America that the above is true and
correct.
14
Executed on June 11, 2015, at San Francisco, CA.
15

16

17   Elena E. Ruiz
   Type or Print Name                    Signature
18

19
                                              21476500.1
20

21

22

23

24

25

26

27

28