United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ERNIE RICARDO FERNANDEZ,
individually, on behalf of all others similarly
situated, and on behalf of the general public,

        Plaintiff,

    v.

BRINK'S INCORPORATED, a Delaware
corporation, and DOES 1-5,

        Defendants.

Case No.  15-cv-02667-JSW

**ORDER GRANTING, IN PART,
MOTION TO DISMISS OR TO STAY
AND DENYING, WITHOUT
PREJUDICE, MOTION TO STRIKE OR
FOR A MORE DEFINITE STATEMENT**

Re: Docket Nos. 14, 17

Now before the Court for consideration are the motion to dismiss or to stay, filed by

Defendant, Brink's Incorporated ("Brinks"), and the motion to strike or for a more definite

statement, filed by Plaintiff, Ernie Ricardo Fernandez ("Fernandez").  The Court has considered

the parties' papers, relevant legal authority, and the record in this case, and the Court finds the

motions suitable for disposition without oral argument.  *See* N.D. Civ. L.R. 7-1(b).  The Court

VACATES the hearing scheduled for September 4, 2015, and it HEREBY STAYS this action.

**BACKGROUND**

On April 8, 2015, Fernandez filed this putative class action in the Superior Court of

California for the City and County of San Francisco.  Brinks employed Fernandez as a messenger

from October 13, 2008 though his termination on January 27, 2015.  (Docket No. 1, Notice of

Removal, Ex. A (Complaint ("Compl.") ¶¶ 11-12.)  Fernandez alleges that Brinks violated various

provisions of California's Labor Code by: (1) failing to pay overtime wages; (2) failing to pay

premium rest period wages; (3) failing to pay premium meal period wages; and (4) failing to pay

wages due at termination.  Based on these alleged violations of the Labor Code, Fernandez also

asserts a claim under California's Unfair Competition Law, Business and Professions Code section

17200, *et seq.*, (the "UCL claim"), and a claim under the Labor Code's Private Attorneys General

Act (the PAGA claim").  According to the allegations in the Complaint, the putative class period

begins on April 8, 2011 and the PAGA claim period begins on February 26, 2014.  (Compl., ¶ 18.)

Brinks filed its Answer on June 11, 2015, and it removed the action to this Court on June 12,

2015.  (Docket No. 1, Notice of Removal, Ex. B (Answer).)

Fernandez is not the first employee to file wage and hour claims against Brinks.  On May

5, 2014, Timothy Belew ("Belew") initiated a class action against Brinks in San Diego County

Superior Court.  Belew filed an amended complaint on June 23, 2014, which Brinks removed to

the United States District Court for the Southern District of California.  *Belew v. Brink's*

*Incorporated*, 14-cv-1748 JAH JLB (the "*Belew* litigation").[1]  Belew asserts claims against Brinks

for failure to pay all overtime wages, failure to provide complete and accurate wage statements,

and failure to pay wages at termination.  Belew also asserts a UCL claim and a PAGA claim.  On

April 22, 2015, district court in the *Belew* litigation granted a motion for preliminary approval of a

class settlement and certified a settlement class of "[a]ll current and former armored truck drivers

and messengers who performed work for Brink's, Incorporated, in the State of California during

the Class Period.  The Class Period is from January 1, 2014 through the date of preliminary

approval."  (Def. RJN, Ex. 6 (Order Granting Preliminary Approval at 3:1-4).)  The final fairness

hearing is scheduled for August 31, 2015.  (*Id.* at 4:26-27.)  Fernandez has opted out of the *Belew*

litigation.  (Declaration of Brent Robinson in Opposition to Motion to Dismiss or to Stay

("Robinson Decl."), ¶ 3.)

On February 17, 2015, Dorian Ceron ("Ceron") initiated a putative class action against

Brinks and Brink's Global Services, USA, Inc. in the United States District Court for the Central

District of California.  *Ceron v. Brink's Incoporated, et al.*, No. 15-cv-1129-JFW (JCx) (the

"*Ceron* federal litigation").  (*See* Def. RJN, Ex. 1 (*Ceron* Federal Complaint).)  Ceron asserts

---

[1]     The original complaint, the amended complaint, and the notice of removal in the *Belew* litigation are attached as Exhibits 5, 8 and 9 to Brinks' request for judicial notice in support of its motion ("Def. RJN").  Fernandez does not object to the request for judicial notice.  Because the exhibits attached to the request for judicial notice are court records, the Court grants the request, and it takes judicial notice of the fact that these documents have been filed.

United States District Court
Northern District of California

1   claims for failure to pay all overtime wages, violation of the Fair Labor Standards Act, failure to

2   provide rest periods, failure to provide meal periods, wage statement penalties, and a UCL claim.

3   The class period in the *Ceron* federal litigation begins on February 17, 2011.  (*Ceron* Federal

4   Complaint, ¶ 4.)  Ceron has objected to the *Belew* settlement on the grounds that the release

5   encompasses claims that were not asserted in that case.  (*See* Robinson Decl., ¶ 2, Ex. A

6   (Objection to Settlement).)  The district court in the *Ceron* federal litigation granted the

7   defendants' motion to stay, pending a ruling on the motion for final approval in the *Belew*

8   litigation.  (Def. RJN, Ex. 2 (Minute Order at pp. 4-5.)

9       Ceron also initiated a state case asserting a single PAGA claim against Brinks and Brink's

10   Global Services, USA, Inc., in Los Angeles County Superior Court (the "*Ceron* state litigation").

11   *Ceron v. Brink's Incorporated, et al.*, Case No. BC576462.  (Def. RJN, Ex. 3 (*Ceron* State

12   Complaint.)  Ceron proposes to represent all current and non-exempt employees of the defendants

13   who worked in California from March 24, 2014 "to the present date."  (*Ceron* State Complaint, ¶

14   19.)  The defendants in the *Ceron* state litigation filed a motion to stay that case, pending a ruling

15   on the motion for final approval in the *Belew* litigation.[2]

16                                    **ANALYSIS**

17       Brinks moves to dismiss, or to stay, the PAGA claim in this case, pursuant to the *Colorado*

18   *River* doctrine, in favor of the *Ceron* state court litigation.  *See Colorado River Water*

19   *Conservation Dist. v. United States*, 424 U.S. 800, 818-19 (1976).  It also moves to dismiss, or

20   stay, the remaining claims on the basis that they are duplicative of the claims pending in the *Ceron*

21   federal litigation.  *See Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir.

22   2007), *overruled on other grounds by Taylor v. Sturgell*, 533 U.S. 880, 904 (2008).  As an

23   alternative to dismissal, Brinks asks the Court to exercise its inherent authority to stay this case

24   pending resolution of the *Belew* motion for final approval and the *Ceron* cases.  For the reasons set

25   forth in the remainder of this Order, the Court concludes that a brief stay pending a ruling on the

26

27   _____

[2]     The Court conducted a search of the docket in the *Ceron* state court litigation, through the
28   Los Angeles County Superior Court website, www.lacourt.org/casesummary.  It appears that the
     Superior Court granted the motion to stay.

motion for final approval in the *Belew* litigation, rather than dismissal, is the appropriate remedy.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The Court considers a number of factors in deciding whether to grant a stay. *Id.* (citing *Landis*, 299 U.S. at 254-55). First, the Court considers the "possible damage which may result from granting a stay." *Id.* This case is in its early stages, and the parties have not yet appeared for the initial case management conference, which is scheduled for September 11, 2015. In addition, the motion for final approval in the *Belew* litigation is scheduled for hearing on August 31, 2015. Therefore, the stay will not be lengthy.

The second factor the Court considers is the hardship or inequity which a party may suffer in being required to go forward. *Id.* The fact that Brinks might be "required to defend a suit, without more, does not constitute a clear case of hardship or iniquity within the meaning of *Landis*." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (internal quotations and citation omitted). On balance, the Court finds that this factor is neutral. To the extent both parties could be harmed by continued litigation, that weighs in favor of staying this case.

The third factor the Court considers is "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* Because Fernandez has opted out of the *Belew* settlement, he, personally, will not be bound by that settlement. However, the ruling in the *Belew* litigation will impact the putative class claims and the PAGA claim.[3] In addition, a ruling on Ceron's objection to the *Belew* settlement also may alter the scope of the *Ceron* federal litigation, as well as the *Ceron* state litigation, which, in turn, could alter the landscape of this case.

---

[3] Fernandez has stated that he intends to dismiss his class claims and will seek leave to amend his complaint to include six additional individuals who also opted out of the *Belew* settlement. (Robinson Decl., ¶¶ 4-5.) As of the date of this Order, Fernandez has neither dismissed the putative class claims nor filed a motion for leave to amend. Accordingly, the Court shall address those issues once it lifts the stay in this case.

United States District Court
Northern District of California

1        Accordingly, the Court exercises its inherent authority to stay this litigation pending a

2    ruling on the motion for final approval in the *Belew* litigation.

3    **CONCLUSION**

4        For the foregoing reasons, the Court GRANTS, IN PART, AND DENIES, IN PART,

5    Brinks' motion to dismiss or to stay.  In light of this ruling, the Court DENIES, without prejudice,

6    the motion to strike or for a more definite statement.  The Court VACATES the case management

7    conference scheduled for September 11, 2015.  The Court ORDERES the parties to file a **joint**

8    **status report** within ten (10) days of the *Belew* court's ruling on the motion for final approval.  The

9    parties shall attach a copy of the ruling to their joint status report and shall set forth their positions

10   on how this litigation should proceed.

11       **IT IS SO ORDERED.**

12   Dated: August 25, 2015

13

14   _____

15   JEFFREY S. WHITE
     United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28